ANDREW H. BAKER, SBN 104197
**BEESON, TAYER & BODINE, APC**
1404 Franklin Street, 5th Floor
Oakland, CA 94612
Telephone: (510) 625.9700
Facsimile: (510) 625.8275
Email: abaker@beesontayer.com

Attorneys for Plaintiff
Teamsters Automotive Employees Local No. 665

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAMSTERS AUTOMOTIVE EMPLOYEES, LOCAL NO. 665,<br><br>Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION, RENT-A-CAR DIVISION, successor to HERTZ TRANSPORTING, INC.,<br><br>Defendant. | Case No. C07-02562 RS ADR<br><br>**COMPLAINT FOR VIOLATION OF COLLECTIVE BARGAINING AGREEMENT** |

**JURISDICTION/VENUE (INTRADISTRICT ASSIGNMENT)**

1. This is an action for legal and equitable relief pursuant to Section 301 of the Labor Management Relations Act, as amended (29 U.S.C. §185, et seq.). Jurisdiction of the subject matter of this proceeding is based on 29 U.S.C. §185(c).

2. The acts and/or omissions alleged herein arose in the County of Santa Clara and thus this matter is properly assigned to the San Jose Division of the Northern District Court.

**PARTIES**

3. Plaintiff Teamsters Automotive Employees, Local No. 665 (herein, "the Union"), is a labor organization which represents employees working in Northern California, including Santa Clara County. The Union's headquarters and principal place of business is located in Daly City, San Mateo County, California.

4. At all times material herein, The Hertz Corporation, Rent-A-Car Division, successor to Hertz Transporting, Inc. (herein, "Hertz"), has been a corporation engaged in business transporting rental vehicles in the state of California, with a place of business in the city of San Jose, county of Santa Clara.

5. At all times material herein, Hertz has been an employer engaged in an industry affecting commerce within the meaning of the Labor Management Relations Act, as amended (29 U.S.C. §152(2)(6) and (7)).

## STATEMENT OF CLAIM

6. At all times material herein, the Union has been the exclusive collective bargaining representative of a bargaining unit consisting of all employees of Hertz employed as Shuttlers engaged in the On-Airport movement of Hertz-owned vehicles at San Jose International Airport (herein, "the Bargaining Unit").

7. The Union and Hertz are and have been parties to a series of collective bargaining agreements, the most recent of which is effective by its terms from January 7, 2006, to January 6, 2011 (herein, "the Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit A, and incorporated herein by reference.

8. Article I, Section 1, of the Agreement states the parties' agreement that Hertz recognizes the Union as the exclusive representative of "all Shuttlers employed by the Hertz Corporation's Rent-A-Car Division engaged in the On-Airport movement of Hertz owned vehicles at SJO" (herein the "Bargaining Unit Employees"). The Agreement governs the wages, hours and other terms of employment of the Bargaining Unit Employees.

9. Article I, Section 2, of the Agreement provides that the Bargaining Unit Employees "shall include On-Airport Shuttlers, but shall exclude all other employees, Off-Airport Shuttlers, lead divers, clerical, garage and mechanical, rental representatives, office employees and supervisors, guards and watchmen as defined by the [National Labor Relations] Act."

10. In June 2003, the Union and Hertz reached an agreement to maintain no less than eighty-one full-time, forty-hour-per-week, jobs in the Bargaining Unit (herein "the June 2003

1  Agreement"). The parties' June 2003 Agreement remains incorporated in the current
2  Agreement.

3      11. As of January 2006, Hertz employed approximately 112 full-time and
4  approximately 82 part-time Bargaining Unit Employees under the Agreement.

5      12. On or about February 25, 2006, Hertz unilaterally reduced from approximately
6  112 to 30 the number of full-time jobs available to the Bargaining Unit Employees, and
7  eliminated all of its approximately 82 part-time jobs previously available to the Bargaining Unit
8  Employees. At the same time, Hertz unilaterally transferred most if not all of the remaining 82
9  full-time jobs and most if not all of the part-time jobs previously employed under the Agreement
10 to a nearby, off-airport facility referred to as the "Walsh lot."

11     13. In or about mid-March 2006, Hertz permitted approximately 20 of its Walsh lot
12 employees to transfer to additional full-time jobs made available to Bargaining Unit Employees
13 under the terms of the Agreement. In or about early April 2006, Hertz permitted approximately
14 an additional 20 of its Walsh lot employees to transfer to additional full-time jobs made available
15 to Bargaining Unit Employees under the terms of the Agreement. Since in or about early April
16 2006, Hertz has limited to approximately 70 the number of full-time jobs made available to
17 Bargaining Unit Employees working under the terms of the Agreement.

18     14. Since on or about February 25, 2006, Hertz has employed full-time and part-time
19 employees it has based at the Walsh lot, including those employees placed in those jobs, as
20 described above in Paragraph 12, that Hertz unilaterally transferred to the Walsh lot, as On-
21 Airport Shuttlers; that is, as Shuttlers engaged in the On-Airport movement of Hertz-owned
22 vehicles at San Jose International Airport.

23     15. Since or about February 25, 2006, Hertz has violated and continues to violate
24 Article I of the Agreement by paying those employees identified in Paragraph 14 above wage
25 rates lower than the applicable minima contained in the Agreement, failing and refusing to
26 provide those employees the employee benefits required by the Agreement, failing and refusing
27 to accord those employees their seniority rights under the Agreement, and by otherwise failing
28 and refusing to apply the terms of the Agreement to those employees identified in Paragraph 14

above, notwithstanding the regular performance by those employees of duties exclusively covered by the Agreement.

16. Since on or about February 25, 2006, Hertz has violated and continues to violate the Agreement by failing and refusing to maintain eighty-one full-time, forty-hour-per-week, jobs in the Bargaining Unit as required by the June 2003 Agreement.

17. The Agreement contains a grievance-and-mediation procedure for resolving disputes arising under the Agreement, but contains no arbitration procedure and no procedure for final and binding resolution of disputes under the Agreement.

18. On or about February 27, 2006, the Union filed a grievance protesting Hertz's alleged violations of the Agreement, as set forth above in Paragraphs 12 – 16. Pursuant to the grievance-and-mediation provision of the Agreement, the Union submitted its grievance to a mediator who made a recommendation to resolve the grievance. Hertz refused, and continues to refuse, to adopt the mediator's recommended resolution.

19. The Union has no further recourse under the terms of the Agreement's grievance-and-mediation provision to resolve the disputes raised by its February 27, 2006, grievance or Hertz's violations of the Agreement as set forth above in Paragraphs 12 – 16.

WHEREFORE, Plaintiff prays that this Court assume jurisdiction over this Complaint, and following a hearing thereon, issue its Order as follows:

1. Declaring that Hertz since on or about February 25, 2006, has violated the Agreement by failing and refusing to cover under the terms of the Agreement those employees designated by Hertz as Walsh-lot employees who perform work that renders them Bargaining Unit employees within the meaning of Article I of the Agreement and therefore covered by the terms of the Agreement;

2. Declaring that Hertz since on or about February 25, 2006, has violated the Agreement by failing and refusing to maintain no less than eighty-one full-time, forty-hour-per-week, jobs in the Bargaining Unit, in violation of the June 2003 Agreement;

COMPLAINT FOR VIOLATION OF COLLECTIVE BARGAINING AGREEMENT    4
62099.doc

3. Ordering Hertz to cease and desist from its violations of the Agreement as found by the Court;

4. Ordering Hertz to make whole for all lost wages and benefits, and to restore the seniority rights to which they are entitled under the Agreement, those employees to whom Hertz has failed and refused to apply the terms of the Agreement as found by the Court; and

5. Such other relief as the Court shall deem appropriate.

Date: May 15, 2007

Respectfully submitted,

BEESON, TAYER & BODINE, APC

By: /s/ Andrew H. Baker
ANDREW H. BAKER
Attorneys for TEAMSTERS LOCAL 665