ROBERT A. DOLINKO, CA BAR NO. 076256
JOHN C. CORCORAN, CA BAR NO. 178916
THELEN REID BROWN RAYSMAN & STEINER LLP
101 Second Street, Suite 1800
San Francisco, California 94105-3606
Telephone:  (415) 371-1200
Facsimile:  (415) 371-1211

Attorneys for Defendant
THE HERTZ CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAMSTERS AUTOMOTIVE EMPLOYEES, LOCAL NO. 665,<br><br>Plaintiff,<br><br>vs.<br><br>THE HERTZ CORPORATION, RENT-A-CAR DIVISION, successor to HERTZ TRANSPORTING, INC.<br><br>Defendant. | Case No.:  C 07-02562 RMW ADR<br><br>**DEFENDANT THE HERTZ CORPORATION'S ANSWER TO COMPLAINT** |

Comes now Defendant The Hertz Corporation (hereinafter "Hertz" or "Defendant") and, in answer to Plaintiff's Complaint, states as follows:

1.   Answering Paragraph 1 of the Complaint, Defendant admits that the Court has jurisdiction over this action and that Plaintiff has filed this action for the reasons stated therein. Defendant denies any other implication of Paragraph 1 and further denies that Plaintiff is entitled to any of the relief described therein.

2.   Answering Paragraph 2 of the Complaint, Defendant admits that venue is proper in this Court and Division, but denies that any acts or omissions occurred entitling Plaintiff to any of the relief sought in the Complaint.

3.      Answering Paragraph 3 of the Complaint, the allegations contained therein are admitted.

4.      Answering Paragraph 4 of the Complaint, Defendant admits that it is a Corporation which, in part, engages in transporting rental vehicles within the State of California and that it has a place of business in the City of San Jose, County of Santa Clara. All other allegations or implications of said paragraph are denied.

5.      Answering Paragraph 5 of the Complaint, Defendant admits the allegations contained therein.

6.      Answering Paragraph 6 of the Complaint, Defendant admits that since January 6, 2007, the Union has been the exclusive bargaining representative for a bargaining unit consisting of Defendant's on-airport Shuttlers employed at the San Jose International Airport. All other allegations or implications of said paragraph are denied.

7.      Answering Paragraph 7 of the Complaint, Defendant admits that it and the Union are parties to a collective bargaining agreement effective by its terms from January 7, 2006 to January 6, 2011 and that it appears that Plaintiff has attached a true and correct copy of said Agreement to the Complaint. All other allegations or implications of said paragraph are denied.

8.      Answering Paragraph 8 of the Complaint, the allegations contained therein are admitted.

9.      Answering Paragraph 9 of the Complaint, the allegations contained therein are admitted.

10.      Answering Paragraph 10 of the Complaint, the allegations contained therein are denied.

11.      Answering Paragraph 11 of the Complaint, the allegations contained therein are denied.

1  12.  Answering Paragraph 12 of the Complaint, the allegations contained therein are denied.

2  13.  Answering Paragraph 13 of the Complaint, the allegations contained therein are denied.

3  14.  Answering Paragraph 14 of the Complaint, the allegations contained therein are denied.

4  15.  Answering Paragraph 15 of the Complaint, the allegations contained therein are denied.

5  16.  Answering Paragraph 16 of the Complaint, the allegations contained therein are denied.

6  17.  Answering Paragraph 17 of the Complaint, the allegations contained therein are admitted.

7  18.  Answering Paragraph 18 of the Complaint, Defendant admits that the Union filed a grievance which was processed to mediation and that Hertz did not accept the mediator's recommendation. All other allegations or implications of Paragraph 18 are denied.

8  19.  Answering Paragraph 19 of the Complaint, Defendant admits that with respect to the matter processed to mediation, as referred to in Paragraph 18 above, the Union has no further recourse under the collective bargaining agreement. All other allegations or implications of Paragraph 19 are denied.

9  20.  Answering Plaintiff's unnumbered "WHEREFORE" prayer for relief, Defendant denies that Plaintiff is entitled to any of the relief requested therein.

## FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of preemption and the National Labor Relations Board's exclusive jurisdiction over such disputes.

**SECOND AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by the terms of the collective bargaining agreements negotiated with Plaintiff and the specific terms of said agreements.

**THIRD AFFIRMATIVE DEFENSE**

To the extent any of Plaintiff's claims are based on matters not submitted to the dispute resolution procedures provided for in the parties' collective bargaining agreements, Plaintiff has failed to exhaust such procedures and is precluded from raising those claims in this action.

WHEREFORE, Defendant prays for the following relief:

1. That Plaintiff's Complaint be dismissed in its entirety;
2. For attorneys' fees, costs of suit herein; and
3. For such other and further relief as the court deems just and proper.

Dated: July 11, 2007

THELEN REID BROWN RAYSMAN & STEINER LLP

By   /s/ Robert A. Dolinko, Esquire
     Robert A. Dolinko
     John C. Corcoran
     Attorneys for Defendant
     THE HERTZ CORPORATION

# CERTIFICATE OF SERVICE BY MAIL

CASE NO. C 07-02562 RMW ADR

I am over the age of 18 and not a party to the within action. I am employed in the County of San Francisco, State of California by Thelen Reid Brown Raysman & Steiner LLP. My business address is 101 Second Street, Suite 1800, San Francisco, California 94105.

On July 11, 2007, I served the following entitled document:

**DEFENDANT THE HERTZ CORPORATION'S ANSWER TO COMPLAINT**

by placing a true and correct copy thereof in a sealed envelope addressed as follows:

Andrew H. Baker, Esq.
Beeson, Tayer & Bodine, APC
1404 Franklin Street, 5th Floor
Oakland, California 94612

Attorneys for Plaintiff

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On this day, I placed for collection and processing the above document to be deposited with the United States Postal Service in the ordinary course of business. And in the ordinary course of the firm's business, such correspondence is deposited with the United States Postal Service the same day that it is collected.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 11, 2007, at San Francisco, California.

　　　　　/s/ Lisa Schuh_____
　　　　　　Lisa Schuh