ANDREW H. BAKER, SBN 104197
BEESON, TAYER & BODINE, APC
1404 Franklin Street, 5th Floor
Oakland, CA 94612-3208
Telephone:      (510) 625-9700
Facsimile:      (510) 625-8275
Email:          abaker@beesontayer.com

Attorneys for Plaintiff
Teamsters Automotive Employees Local No. 665

ROBERT A. DOLINKO, ESQ., SBN 076256
THELEN REID BROWN RAYSMAN & STEINER  LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3606
Telephone:      (415) 369-7180
Facsimile:      (415) 369-8642
Email:          radolinko@thelenreid.com

Attorneys for Defendant
THE HERTZ CORPORATION

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## AT SAN JOSE

| | |
|---|---|
| TEAMSTERS AUTOMOTIVE EMPLOYEES, LOCAL NO. 665,<br><br>Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION, RENT-A-CAR DIVISION, successor to HERTZ TRANSPORTING, INC.,<br><br>Defendant. | Case No. C-07-02562 RMW<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Hearing Date:      August 31, 2007<br>Time:              10:30 a.m.<br>Courtroom:         6<br>Judge:             Hon. Ronald M. Whyte<br><br>Complaint Filed:   May 15, 2007<br>Trial Date:        None set |

## JOINT CASE MANAGEMENT STATEMENT

1.    <u>Jurisdiction and Service</u>:  Subject to Defendant's claim of preemption and failure to exhaust available dispute resolution procedures, the Court has subject matter jurisdiction over this matter pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

2.     Facts:

For Plaintiff:

Plaintiff and Defendant are parties to two collective bargaining agreements covering employees who "shuttle" or "transport" Defendant's rental vehicles from various locations in and around the San Jose International Airport to other locations. One of the collective bargaining agreements covers the Defendant's operations based at its San Jose Airport facility ("the SJO CBA"), and the other covers the Defendant's operations based at its Walsh Lot facility ("the Walsh CBA").

The dispute in this matter arises under the SJO CBA, which is effective for a term of January 7, 2006, to January 6, 2011. The SJO CBA includes the following clause:

> Thirty (30) days after ratification of the contract the employer will hold a location bid for all Shuttlers. Shuttlers will be able to bid on working on airport or at the Walsh facility. Once an employee bids for a specific location that employee can not move to another location without management's approval.

In February 2006 Defendant conducted the location bid referred to in this clause. In conducting the bid, Defendant reduced the number of jobs available under the SJO CBA and expanded the number of jobs available under the Walsh CBA. The parties disagree as the exact number of jobs reduced under the SJO CBA and added under the Walsh CBA.

In 2003, Plaintiff and Defendant settled a grievance arising under their previous SJO CBA concerning the number of jobs to be posted, or made available, under the SJO CBA. The settlement called for Defendant to maintain no less than 81 full-time jobs under the SJO CBA. Plaintiff alleges the 2003 settlement agreement remains effective during the term of the 2006-2011 CBA; Defendant disagrees.

Since February 2006, the number of jobs Defendant has maintained under the SJO CBA has increased, but has remained below the number of jobs maintained under the SJO CBA during the several years prior to the February 2006 job bid, and remains below 81 full-time jobs.

Plaintiff alleges that there is a direct correlation between the number of jobs reduced under the SJO CBA and the number of jobs added under the Walsh CBA. Plaintiff further alleges that the

employee performing the jobs added under the Walsh CBA continue to perform the identical, or nearly identical, work previously performed by employees employed under the SJO CBA.

The pay rates and benefits provided under the Walsh CBA are inferior to those under the SJO CBA.

By letters dated January 26, and February 27, 2006, Plaintiff filed a grievance under the SJO CBA protesting Defendant's reduction of jobs available under the SJO CBA. The parties referred the grievance to mediation pursuant to the terms of the grievance procedure contained in the SJO CBA, but we unable to resolve the grievance. The SJO CBA does not include a grievance procedure that ends in final and binding arbitration.

For Defendant:

Prior to January 2006, Hertz Transporting, Inc. ("HTI") and Plaintiff Teamsters Local 665 ("the Union") were parties to a collective bargaining agreement ("CBA") covering Transporters at the San Jose International Airport ("SJO"). During negotiations for a successor CBA, the parties agreed to split the existing bargaining unit in two, i.e., a bargaining unit of Transporters employed by HTI and assigned to the Walsh lot facility and a bargaining unit of full-time Transporters employed by Hertz Rent-A-Car ("Hertz") at its rental facilities at SJO. The CBAs negotiated for these two bargaining units both contained the following language:

> The employer, at its sole discretion, will determine the shifts, the schedules and the number, if any, [of] employees needed
>
> . . .
>
> The locations of operations, the schedules, job assignments, methods, processes and means of operations are solely and exclusively the responsibility of the employer.

In February 2006, Hertz posted for bid the number of full-time Transporter positions that it determined it needed at the SJO facilities. Similarly, HTI posted for bid the number of Transporter positions that it believed it needed at the Walsh operation. As a result of these postings, the Union filed charges with the National Labor Relations Board ("NLRB") alleging that Hertz had violated various sections of the National Labor Relations Act. After fully investigating those charges, the

Regional Director for the NLRB dismissed them and, *inter alia*, concluded that "the employer had a sound arguable basis for believing that its actions were privileged by the parties' collective bargaining agreement." The Union appealed that dismissal to the Office of the General Counsel of the NLRB. That appeal was denied and the General Counsel concluded, *inter alia*, that "the employer had a sound arguable basis for its interpretation of the various contract provisions including the management rights clause and the location bid provision to permit it to lawfully transfer jobs from one unit to the other."

There have been no breaches of either CBA by either Hertz or HTI. The Union's complaint should be dismissed.

3. <u>Legal Issues</u>:

- Plaintiff alleges that Defendant in February 2006 transferred SJO CBA jobs to the Walsh CBA, and that this transfer of jobs violated the SJO CBA, a contract violation that this court, pursuant to Section 301 of the LMRA, has the jurisdiction to remedy.

- Defendant alleges that Plaintiff's claims are preempted by the exclusive jurisdiction of National Labor Relations Board.

- Defendant alleges that its actions as described above were in accordance with the clear and unambiguous language of the applicable CBAs.

- To the extent parol evidence is required to resolve this dispute, Defendant alleges that its actions were in accord with the bargaining history and intent of the parties.

- Defendant alleges that to the extent the Union pursues any claims which it has not submitted to the dispute resolution procedures contained in the CBAs, those claims are barred by failure to exhaust available arbitral remedies.

- Defendant alleges that Plaintiff's claims may be barred by the doctrines of collateral estoppel and election of remedies.

4. <u>Motions</u>: There are no pending motions. Defendant plans to file a motion for summary judgment.

5.    <u>Amendment of Pleadings</u>:  Other than Defendant amending its Answer to add the defenses of collateral estoppel and election of remedies, the parties do not at this time anticipate amending the pleading.  The proposed deadline for amending the pleadings is November 1, 2007.

6.    <u>Evidence Preservation</u>:  Counsel for the parties have agreed to speak with their respective clients to ensure that appropriate steps are taken to preserve evidence relevant to the issues reasonably evident in this action.

7.    <u>Disclosures</u>:  The parties have agreed to make the disclosures required of Fed.R.Civ.P. 26 by August 24, 2007.

8.    <u>Discovery</u>:  No discovery has been taken to date, the parties anticipate taking depositions of the witnesses, requesting production of documents, and making interrogatories and requests for admission.  The parties do not propose any limitations or modifications of the discovery rules.  The parties agree to the following discovery plan:

- The parties have met and conferred pursuant to FRCP 26(f)

- Discovery should not be done in phases.

- Discovery should not be limited.

- The parties request a discovery cut off date of February 1, 2008.

9.    <u>Class Actions</u>:  Not applicable.

10.    <u>Related Cases</u>:  None.

11.    <u>Relief</u>:  Plaintiff seeks an order declaring Defendant has breached the SJO CBA by transferring SJO CBA jobs to the Walsh CBA, an order directing Defendant to restore to the SJO CBA those jobs transferred to the Walsh CBA in violation of the SJO CBA, and an order directing Defendant to make whole (i.e., reimburse the employees for lost wages and benefits, and reinstate

the employees' seniority lost under the SJO CBA by virtue of the job transfers) those employees whose jobs were transferred to the Walsh CBA in violation of the SJO CBA. Defendant seeks dismissal of Plaintiff's Complaint and recovery of its costs and fees.

12.    <u>Settlement and ADR</u>: The SJO CBA contains a mediation procedure, and the parties have already submitted some or all of the issues alleged in the Complaint to mediation pursuant to the CBA. Those mediation efforts were unsuccessful, the parties have fully explored settlement, and the parties agree that ADR options have been effectively exhausted, and settlement is unlikely.

13.    <u>Consent to Magistrate Judge for All Purposes</u>: Plaintiff has declined to consent to a magistrate.

14.    <u>Other References</u>: Plaintiff believes this case is suitable for reference to binding arbitration. Defendant does not believe that this case is suitable for reference to binding arbitration.

15.    <u>Narrowing of Issues</u>:
- Issues that can be narrowed by agreement or by motion – None at present.
- suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts) – None at present.
- Plaintiff requests bifurcation of the liability and damages issues. Defendant does not believe that bifurcation of liability and damages is necessary.

16.    <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures. The parties do not believe that this matter is appropriate for an expedited schedule.

17.    <u>Scheduling</u>: Proposed dates for –
- Designation of experts – the parties do not anticipate calling expert witnesses.

- Discovery cutoff – February 1, 2008
- Hearing of dispositive motions – March 15, 2008
- Pretrial conference – June 2008
- Trial – July 2008

18.    Trial:  This is a bench trial, with an expected length of 2-3 days.

19.    Disclosure of Non-party Interested Entities or Persons:

- Plaintiff has certified that, other than the named parties, there is no such interest to report.
- Defendant has certified that, other than the parties listed in its disclosure statement, there is no other interest to report.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter. – None.


Dated:  August 21, 2007                    BEESON, TAYER & BODINE, APC


                                           By:    ___/s/Andrew H. Baker____
                                                  ANDREW H. BAKER

                                           Attorneys for Teamsters Local No. 665

Dated:  August 21, 2007                    THELEN REID BROWN RAYSMAN & STEINER  LLP


                                           By:    ___/s/Robert A. Dolinko____
                                                  ROBERT A. DOLINKO

                                           Attorneys for the Hertz Corporation